```
DELTA LAW GROUP
A PROFESSIONAL LAW CORPORATION
JIM G. PRICE, ESQ., SBN 119324
6569 BRENTWOOD BOULEVARD
P.O. BOX 1417
BRENTWOOD, CA  94513
TELEPHONE:  925-516-4686
FACSIMILE:  925-516-4058
EMAIL:  deltalawgroup@yahoo.com
```

Attorneys for Plaintiff
VERN DE WOLF

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERN DE WOLF, an individual, | ) Case No. |
| Plaintiff, | ) **COMPLAINT FOR DAMAGES** |
| v. | ) **JURY TRIAL DEMANDED** |
| HEALTHCARE REVENUE RECOVERY GROUP, LLC, a Florida limited liability company, | ) |
| Defendant. | ) |

## I. INTRODUCTION

1. On November 21, 2013, Plainitff VERN DE WOLF was involved in a work related accident. He went to the emergency room of a local hospital and was treated.

2.      On or about May 19, 2015, he received a collection letter from Defendant HEALTHCARE REVENUE RECOVERY GROUP, LLC advising of his right to dispute the debt. On May 28, 2015, he wrote back to HEALTHCARE REVENUE RECOVERY GROUP, LLC advising that he does not owe the debt, that HEALTHCARE REVENUE RECOVERY GROUP, LLC was prohibited from contacting him, and he gave HEALTHCARE REVENUE RECOVERY GROUP, LLC information about the responsible party.

3.      Defendant HEALTHCARE REVENUE RECOVERY GROUP, LLC ignored Plaintiff's letter and on June 26, 2015 again wrote to Plaintiff demanding payment and failing to validate the debt. Thereafter, Defendant continued to call Plaintiff on his cell phone and continued to write to him.  Defendant made repeated telephone calls to Plaintiff's cellular telephone, in connection with an attempt to collect a debt and without his consent.

4.      Defendant used an automated dialing systems, or artificial or pre-recorded voice to telephone Plaintiff's cellular phones in violation of the Telephone Consumer Protection Act, and the Rosenthal Fair Debt Collection Practices Act.

5.      Plaintiff suffered physical and emotional injury, including severe and substantial emotional distress, and actual damages including but not limited to, anxiety, emotional

distress, stress, frustration, loss of concentration, amongst other injuries.

6. This is an action for damages brought by a consumer to redress the Defendant's violations of California's Rosenthal Fair Debt Collection Practices Act, Civil Code Section 1788 et seq. (hereinafter, "state act"), and related common law claims, which prohibit debt collectors from engaging in abusive, deceptive and unfair practices in their collection of consumer debts. In 2000, the California legislature incorporated most of the Federal Fair Debt Collection Practices Act (15 U.S.C. § 1692, et seq.) into the California FDCPA. See Civil Code §1788.17.

7. According to 15 U.S.C. § 1692:

> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to **invasions of individual privacy**.

## II.   JURISDICTION AND VENUE

8. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Venue in this District is proper in that Defendant transacts business here and the conduct complained of occurred here.

## III. PARTIES

9. Plaintiff VERN DE WOLF (hereinafter "Plaintiff") is a natural person residing in Contra Costa County in the State of California.

10. On information and belief, Defendant HEALTHCARE REVENUE RECOVERY GROUP, LLC is a Florida limited liability company doing business in California (hereinafter "HRRG"). CHASE, in the ordinary course of business, regularly attempts to collect debts on its own behalf.

11. Defendant HRRG is a "debt collector" as defined by California Civil Code § 1788.2.

12. At all times mentioned herein, Defendant was acting within the course and scope of such agency or employment. The Defendant is liable to the Plaintiff for its conduct. Defendant approved, authorized and/or ratified the wrongful acts and omissions herein.

13. Any reference hereinafter to "Defendant" or "HRRG", without further qualification, is meant by Plaintiff to refer to such Defendant named above.

## IV. FIRST CAUSE OF ACTION - ROSENTHAL FDCPA

14. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

15. The foregoing acts and omissions by this Defendant with respect to Plaintiff in its attempt to collect a consumer debt from Plaintiff constitutes numerous and multiple unfair, deceptive, misleading practices made unlawful pursuant to the California Rosenthal Fair Debt Collection Practices Act, including but not limited to Civil Code §§ 1788-1788.32, including §1788.17 by violating 15 U.S.C. §§ 1692c(c), 1692d, 1692g(b), and 1692f.

16. Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees and costs.

WHEREFORE, Plaintiff prays for judgment against Defendant as set forth below.

**V. SECOND CAUSE OF ACTION – INTRUSION UPON SECLUSION**

17. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

18. The foregoing acts of Defendant as described herein constitute an invasion of the Plaintiff's privacy and an intrusion upon his right of seclusion.

19. Plaintiff has a common law right to, and a reasonable expectation of privacy, his home and place of employment, and in regard to his private affairs.

20. Defendant's abusive and improper collection practices in the collection of this debt constituted a substantial

invasion upon Plaintiff's seclusion and privacy, and would be highly offensive to a reasonable person.

21. Defendant intended to cause emotional distress and/or engaged in reckless disregard of the probability of causing Plaintiff's emotional distress.

22. As a proximate result of Defendant's conduct, Plaintiff has suffered damages in an amount to be determined by proof and a finder of fact at trial.

23. Defendant acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to punitive damages in an amount according to proof and a finder of fact at trial.

WHEREFORE, Plaintiff prays for judgment against Defendant as set forth below.

### VI. THIRD CAUSE OF ACTION - VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

24. Plaintiff repeats, re-alleges and incorporates by reference all other paragraphs.

25. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including but not limited to §§ 1692c(c), 1692d, 1692g(b), and 1692f.

26. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an

amount up to $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3) from Defendant.

### VII.   THIRD CAUSE OF ACTION – TCPA

27. Plaintiff repeats, re-alleges and incorporates by reference all other paragraphs.

28. At all times relevant to this complaint, the Plaintiff was a "person" as defined by the TCPA 47 U.S.C. § 153(39).

29. At all times relevant to this complaint, the Defendant has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(16) that originated, routed, and/or terminated telecommunications.

30. The Defendant at all times relevant to the complaint herein engages in "telecommunications" defined by the TCPA U.S.C. § 153(50).

31. The Defendant at all times relevant to the complaint herein engages in "interstate" communications by the TCPA U.S.C. § 153(28).

32. At all times relevant to this complaint, the Defendant has used, controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. § 153(59), that existed as instrumentalities of interstate and intrastate commerce.

33. At all times relevant to this complaint, the Defendant has used, controlled, and/or operated "automatic telephone

dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. § 64.1200(f)(2).

34. Defendant violated the TCPA, 47 U.S.C. § 227(b)(1)(A), by using an automatic telephone dialing system to telephone Plaintiff's cellular phone in an attempt to collect an alleged debt.

35. Defendant frequently made calls to Plaintiff's cell phone using an automatic telephone dialing system (including an automated dialing machine, dialer and auto-dialer) and/or an artificial or prerecorded voice.

36. Defendant violated the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227(b)(1)(A), by using an automatic telephone dialing system to telephone a cellular phone, without Plaintiff's consent.

37. Defendant's violations were willful and knowing.

38. As a result of these violations of the TCPA, Defendant is liable to Plaintiff for statutory damages, including treble damages.

39. Defendant engaged in willful and knowing violations of the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227(b)(1)(A).

WHEREFORE, Plaintiff prays for judgment against Defendant as set forth below.

## VIII. FOURTH CAUSE OF ACTION – NEGLIGENCE

40. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated therein.

41. Defendant's outrageous, abusive and intrusive acts as described herein constituted negligent infliction of emotional distress.

42. Plaintiff suffered (1) serious emotional distress, (2) actually and proximately caused by (3) wrongful conduct (4) by a defendant who should have foreseen that the conduct would cause such distress.

43. Defendant's conduct as described herein was wrongful conduct in that the Defendant conducted its business in an abusive, oppressive, and harassing manner.

44. Defendant's actions and omissions as described herein constitute negligence in that Defendant owed Plaintiff a duty of reasonable care in the collection of the alleged debt, and use of the telephone in an attempt to collect such debts, said duties were breached, and said breach was the proximate cause of damages suffered by Plaintiff.

45. Defendant owed a duty to refrain from outrageous and unlawful calls in connection with its attempt to collect a debt.

46. Defendant's actions and omissions demonstrate a conscious disregard of the rights or safety of others, and

constitute despicable conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregards of his rights.

47. Plaintiff suffered damages due to Defendant's actions in an amount to be determined at trial.

48. Plaintiff is entitled to punitive damages for the actions and omissions of the Defendant as described herein.

WHEREFORE, Plaintiff prays for judgment against Defendant as set forth below.

## IX. FIFTH CAUSE OF ACTION – NEGLIGENT TRAINING AND SUPERVISION

49. Plaintiff incorporates by reference the above paragraphs as though fully stated herein below.

50. Defendant negligently trained and supervised its employees and agents as to the performance of their job duties and as a result of such negligent instruction and supervision, the employees/agents while carrying out their job duties caused injury and damage to Plaintiff.

51. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages in an amount to be determined at trial.

52. Defendant acted with oppression, and/or malice, thereby entitled Plaintiff to punitive damages in an amount to be determined at trial. Defendant acted in a despicable manner and acted with a conscious disregard to the rights of Plaintiff.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Statutory and actual damages pursuant to California Civil Code § 1788 et seq.;

    B.    Costs and reasonable attorney's fees pursuant to Civil Code § 1788 et seq.;

    C.    Actual and punitive damages;

    D.    Award statutory damages in the amount of $500.00 for each violation of the TCPA against All of the Defendants, and/or treble damages for each willful or knowing violation of the TCPA pursuant to 47 U.S.C. §227(b)(3).

    E.    For such other and further relief as may be just and proper.

DATED: September 14, 2015    Respectfully submitted,

DELTA LAW GROUP



BY: _____
JIM G. PRICE
Attorneys for Plaintiff
VERN DE WOLF

///

///

///

///

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

DATED: September 14, 2015      DELTA LAW GROUP

BY: _____
JIM G. PRICE
Attorneys for Plaintiff
VERN DE WOLF